# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1649

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jevaughn D. Erwin, also known as | * | |
| Pockets, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 7, 2006
Filed: April 12, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jevaughn Erwin (Erwin) appeals his court-tried[1] conviction for conspiracy to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. For reversal, he argues insufficiency of the evidence. We affirm.

At trial, the government presented the testimony of cooperating witnesses, who testified pursuant to plea agreements for drug convictions. On direct examination, the

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

witnesses testified to numerous drug transactions with Erwin that showed his participation in a conspiracy to distribute crack cocaine. On cross-examination, defense counsel attacked the credibility of the witnesses, pointing out, among other things, inconsistencies between their testimony and their prior statements, and discrepancies in their testimony concerning dates of certain drug transactions.

On appeal, Erwin asserts the evidence is insufficient because the witnesses' testimony was incredible. We disagree. The district court expressly took into account the inconsistencies and discrepancies in the witnesses' testimony, but nonetheless found there was sufficient credible testimony to find Erwin had conspired to distribute more than fifty grams of crack cocaine during the time period alleged in the indictment. Given our stringent standard of review, see United States v. Crenshaw, 359 F.3d 977, 988 (8th Cir. 2004) ("The test for rejecting evidence as incredible is extraordinarily stringent and is often said to bar reliance only on testimony asserting facts that are physically impossible."), we must affirm, see id. at 990-91 (listing cases upholding convictions despite inconsistencies in testimony).[2]

---

[2]Erwin moved to file a pro se supplemental brief. Because Erwin is represented by counsel and gives us no reason to depart from our general rule that we do not consider pro se briefs by defendants who are represented by counsel, see United States v. Clark, 409 F.3d 1039, 1041 n.2 (8th Cir.), cert. denied, 126 S. Ct. 811 (2005), we deny his motion.